UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

JAMES HOBBS,

            Petitioner,            Case No. 1:17-cv-801

v.                                       Honorable Robert J. Jonker

TONY TRIERWEILER,

            Respondent.
_____/

**REPORT AND RECOMMENDATION**

      This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254.  Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false.  *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d).  *Day v. McDonough,* 547 U.S. 198, 209 (2006).  After

undertaking the review required by Rule 4, I conclude that the petition is barred by the one-year statute of limitations.

## Discussion

### I.  Factual Allegations

Petitioner James Hobbs is incarcerated with the Michigan Department of Corrections (MDOC) at Bellamy Creek Correctional Facility (IBC) in Ionia, Michigan. On November 30, 2010, Petitioner pled guilty in Kent County Circuit Court to second-degree criminal sexual conduct, Mich. Comp. Laws § 750c(1)(a). On November 30, 2010, the court sentenced him to 3 to 15 years in prison.

Petitioner filed his habeas corpus petition on August 28, 2017. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on August 28, 2017. (Pet., ECF No. 1, PageID.17.) The petition was received by the Court on August 31, 2017. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

II.    Statute of Limitations

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA).  Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C.

§ 2244(d)(1)(A).  Petitioner did not appeal his conviction or sentence.  Consequently, the judgment of conviction became final one year later, when the time for appealing his conviction expired.  Where a petitioner has failed to properly pursue an avenue of appellate review available to him, the time for seeking review at that level is counted under § 2244(d)(1)(A).  *See* 28 U.S.C. § 2244(d)(1)(A) (time for filing a petition pursuant to § 2254 runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review."). Consequently, his judgment of conviction became final on November 30, 2011, and the one-year deadline for filing his habeas petition expired on November 30, 2012. Petitioner filed his application on August 28, 2017.  Obviously, he filed long after the statute of limitations expired.  Thus, absent tolling, his application is time-barred.

The statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").  Petitioner filed a motion for relief from judgment in state court on or about November 15, 2014, long after the limitations period expired.  Although such a motion can toll the statute of limitations, it cannot toll a limitations period that has already expired.  In other words, such a motion does not "restart" the clock; it can only pause a clock that has not fully run.  *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).  Consequently, Petitioner's motion for relief from judgment did not toll the limitations period.

4

The one-year limitations period is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling should be applied "sparingly" by this Court. *See, e.g., Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*, 579 F.3d 581, 588 (6th Cir. 2009). A petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence*, 549 U.S. at 335; *Hall*, 662 F.3d at 750; *Akrawi*, 572 F.3d at 260. The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403-04; *see also Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007); *Harvey v. Jones*, 179 F. App'x 294, 299-300 (6th Cir. 2006); *Martin v. Hurley*, 150 F. App'x 513, 516 (6th Cir. 2005); *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999) ("[I]gnorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing.").

In a motion for equitable tolling (ECF No. 3), Petitioner argues that he did not become aware of the facts supporting his petition until 2014. He pled guilty to his offense, but he contends that his plea was not knowing and voluntary. He asserts that the state court did not have jurisdiction over him because it did not arraign him

5

within the time period required by state law. He contends that his attorney should have informed him that the state court did not have jurisdiction and that any evidence gathered while he was detained could not be used against him. He claims that if he had known these things, he would not have entered a guilty plea. He asserts that since his arrival at the MDOC, he has been prescribed several medications for a mental illness, including: Seroquel, Pemelor, Visteril, and Risperdal. (Aff. in Supp. of Mot. for Equitable Tolling, ECF No. 5, PageID.32.) When he was transferred to a different facility, he was removed from his medications for three months.

In 2013, Petitioner was deprived of medication again and did not receive medication until 2014, when he was given Zyprexa, Trazadone, Depakote, and Risperdal. (*Id.*, PageID.33.) He contends that he did not learn about the issues identified in his petition until July 30, 2014, when he learned about them through a prison legal writer. He contends that he diligently sought review of his claims through his motion for relief from judgment. He asserts that he could have learned about his rights and the errors in his conviction earlier if he had been provided consistent medication.

Even after accepting Petitioner's statements as true, he has not shown that he is entitled to equitable tolling. As indicated, Petitioner filed his motion for relief from judgment in November 2014. According to his petition, the trial court denied the motion in December 2014. He appealed that decision to the Michigan Court of Appeals and the Michigan Supreme Court. Those courts denied leave to appeal on May 20, 2015, and June 28, 2016, respectively. Petitioner waited more than a year

6

after the Michigan Supreme Court's decision to file his federal habeas petition. He does not offer any reason for the delay between that decision and the filing of his habeas petition. By that time, he was aware of the basis for his claims. However, he did not diligently pursue relief in this Court. It is Petitioner's burden to show that he is entitled to equitable tolling. He has not met that burden. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, a Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 1936.

In the instant case, Petitioner does not claim that he is actually innocent. Thus, he is not entitled to the actual-innocence exception, and his habeas petition is time-barred.

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day,* 547 U.S. at 210. This report and recommendation shall therefore serve as notice that the District Court may dismiss Petitioner's application for habeas corpus relief as time-barred. The opportunity to file objections to this report and recommendation constitutes Petitioner's opportunity to be heard by the District Judge.

III.   Certificate of appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467.

I have concluded that Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court

was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

I find that reasonable jurists could not find it debatable whether Petitioner's application was timely. Therefore, I recommend that a certificate of appealability should be denied.

## Recommended Disposition

For the foregoing reasons, I recommend that the habeas corpus petition be denied because it is barred by the one-year statute of limitations. For similar reasons, I recommend that the Court deny Petitioner's motion for equitable tolling (ECF No. 3). In addition, I recommend that Petitioner's motion for reconsideration regarding payment of the filing fee (ECF No. 10) be denied as moot because Petitioner has paid the filing fee. I further recommend that a certificate of appealability be denied.

Dated:   January 3, 2018                    /s/ Phillip J. Green
                                                                                    Phillip J. Green
                                                                                    United States Magistrate Judge

## NOTICE TO PARTIES

ANY OBJECTIONS to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).